## KENNEY v. APLEY.

Landlord and Tenant—Tenancy of Cropper—Termination of
Relation.
   Defendant worked complainant's land for the year 1900 for a
   share of the crop, and during that year complainant seeded
   it to grass with the grain at his own expense.  In 1901 de-
   fendant's son, at his father's request, made a new arrange-
   ment with complainant to harvest the hay.  *Held,* that de-
   fendant was not a tenant at will; that his rights terminated
   when the 1901 crop was harvested, and that he was a tres-
   passer in interfering with the harvesting of the crop of
   1902.

Appeal from St. Clair; Tappan and Law, JJ.   Submit-
ted February 9, 1905.    (Docket No. 115.)    Decided
March 14, 1905.

Bill by Bernard Kenney against Thomas Apley to re-
strain a trespass upon certain land.   From a decree for
complainant, defendant appeals.   Affirmed.

*John B. McIlwain,* for complainant..

*Thomas Wellman,* for defendant.

McAlvay, J.   Complainant filed an injunction bill in
St. Clair county against defendant " to restrain and en-
join him from trespassing upon the premises described,
and from going on the premises and cutting hay thereon,
and from interfering with complainant and those claim-
ing under him in the use and enjoyment of said property."
   Complainant owned 40 acres of land in Riley township,
St. Clair county, with a crop of hay on it, about ready to
cut, at the time the bill was filed.   Defendant had for the
year 1900, under a certain agreement, made late in 1899,
worked the place on shares for two-thirds of the crops.
It was seeded to grass that year by complainant under

their arrangement. For the year 1901 complainant claims that under a new agreement defendant harvested the hay on shares for one-half the crop. For the work of 1902 complainant made arrangements for the season with one Blinn, when defendant interfered, ordered Blinn off, and insisted he would harvest the hay. Defendant, by his answer, claims that he is a tenant at will; that his tenancy has not been terminated; that, being in possession, he will cut the hay, and get his share, if permitted by the court. The allegations and admissions of the pleadings made it necessary to take but little testimony, the only question to determine being whether defendant was a tenant or a trespasser. Upon motion to dissolve the preliminary injunction the court ordered a hearing upon the pleadings and proofs. The case was heard before both judges of the circuit, and a decree granted according to the prayer of the bill of complaint.

We find that the action of the court was clearly justified by the proofs. Defendant never was a tenant at will of the premises. He worked the land for the first year on shares, furnishing two-thirds of the fertilizer and receiving two-thirds of the grain. The whole 40 acres, except barnyard, was seeded to grass with this crop of grain, by complainant, at his own expense, and defendant was to feed the straw on the premises. For the season of 1901 defendant's son, at his father's consent and request, went to complainant to make an agreement to cut the hay. This was an entirely new agreement. There was no other or further agreement or relation between these parties relative to this land after the hay crop for 1901 was harvested and sold. Complainant made some arrangement for 1902 with Blinn, when defendant interfered. The admissions of the answer and proofs clearly sustain the allegations of the bill.

The decree is affirmed, with costs of both courts.

MOORE, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.